UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARLETTE C. JACKSON | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | 3:17-CV-00103-AVC |
| | : | |
| JAMES WELTY; and YALE UNIVERSITY | : | |
| | : | |
| Defendants | : | FEBRUARY 8, 2017 |

## NOTICE TO SELF-REPRESENTED LITIGANT CONCERNING MOTION TO DISMISS (AS REQUIRED BY LOCAL RULE 12(A))

Pursuant to Local Rule 12(a), the Defendant, Yale University ("Yale"), files and serves upon the Plaintiff, Arlette C. Jackson, the following notice:

The purpose of this notice, which is required by the Court, is to notify you that Yale has filed a motion to dismiss asking the Court to dismiss all or some of your claims without a trial. Yale argues that there is no need to proceed with these claims because they are subject to dismissal for the reasons stated in the motion.

YALE'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE OPPOSITION PAPERS AS REQUIRED BY RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IF YALE'S MOTION SHOWS THAT YALE IS ENTITLED TO DISMISSAL OF ANY OR ALL OF YOUR CLAIMS.  COPIES OF RELEVANT RULES

**DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK   •   741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168  •  FAX:  (203) 458-4424
JURIS NO. 415438

ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with Yale's arguments for dismissal and, (2) that the allegations of your complaint are sufficient to allow this case to proceed.  If you would like to amend your complaint under Rule 15 of the Federal Rules of Civil Procedure in order to respond to the alleged deficiencies in your complaint asserted by Yale, you may promptly file a motion to amend your complaint, but you must attached your proposed amended complaint to the motion.

It is very important that you read Yale's motion and memorandum of law to see if you agree or disagree with the motion.  It is also very important that you review the enclosed copies of Rule 12 of the Federal Rules and Local Rule 7 carefully.  You must file your opposition papers (and any motion to amend) with the Clerk of the Court and mail a copy to defense counsel within 21 days of the filing of Yale's motion with the Clerk of the Court.  (If you e-file under the Court's Electronic Filing Policies and Procedures, you do not need to separately mail a copy of your opposition papers to the defendant's counsel.)  If you require additional time to respond to the motion to dismiss, you must file a motion for extension of time, providing the Court with good reasons for the extension and with the amount of additional time you require.

If you are confined in a Connecticut correctional facility, you must file your opposition papers and any motion to amend using the Prisoner E-filing Program and are not required to mail copies to defense counsel.

Pursuant to Local Rule 12(a), copies of Fed. R. Civ. P. 12 and Local Rule 7 are attached hereto.


THE DEFENDANT
YALE UNIVERSITY


BY: _____*/s/ Patrick M. Noonan*_____
Patrick M. Noonan CT00189
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road
Guilford, CT 06437
T: (203) 458-9168
F: (203) 458-4424
E: pnoonan@ddnctlaw.com
Attorney for the Defendant

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing Appearance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Arlette Jackson
1599 Chapel Street
New Haven, CT 06511

Connecticut Commission on Human Rights and Opportunities
450 Columbus Boulevard
Harford, CT 06103

Brooks R. Magratten, Esq.
PIERCE ATWOOD LLP
72 Pine Street, 5th Floor
Providence, RI 02903

_____/s/_____
Patrick M. Noonan

## RULE 7

## MOTION PROCEDURES

(Amended January 18, 2017)

### (a) Procedures

1.  Any motion involving disputed issues of law shall be accompanied by a memorandum of law, and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a required memorandum may be deemed sufficient cause to deny the motion.

2.  Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion, and shall indicate in the lower margin of the first page of such memorandum whether oral argument is requested.  Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.

3.  Nothing in this Rule shall require the Court to review portions of the record in response to a motion, where the moving and opposition papers do not make specific reference to such portions of the record.  Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument.

4.  To expedite a decision or for other good cause, the Court may rule on a motion before expiration of the period ordinarily permitted for filing opposition papers.

5.  Except by order of the Court, memoranda shall be double-spaced (except headings, footnotes, and block quotes) and shall be no more than forty (40) 8 1/2" by 11" printed pages, exclusive of pages containing a table of contents, table of statutes, rules or the like.  E-filed memoranda shall conform with the Electronic Filing Policies and Procedures.  Unless otherwise ordered by the Court, text shall appear in at least 12 point font; footnotes shall appear in at least 10 point font.  Any motion seeking permission to depart from these limitations shall be filed at least seven (7) days before the deadline for the filing of the memorandum at issue.  A motion for permission not in compliance with this Rule will ordinarily be denied.

6.  A party may request expedited consideration by the Court of a motion by designating the motion as one seeking "emergency" relief and demonstrating good cause in the motion.

**(b) Motions for Extensions of Time**

1.  All motions for extensions of time must be decided by a Judge and will not be granted except for good cause.  The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

2.  All motions for extensions of time shall include a statement of the movant that (1) the movant has inquired of all non-moving parties and there is agreement or objection to the motion, or that (2) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s).  All such motions shall also indicate the number of motions for extension of time that have previously been filed by the movant with respect to the same time limitation.  The Court may rule on the motion, without notice, before expiration of the period ordinarily permitted for filing opposition papers, notwithstanding a report of objection.  Any party may move within seven (7) days of an order granting a motion for extension of time to have the Court set aside the order for good cause.  Agreement of the parties as to any extension of time does not by itself extend any time limitation or provide good cause for failing to comply with a deadline established by the Federal Rules of Civil Procedure, these rules, or the Court.

3.  All motions for extension of time shall be filed at least three (3) days before the deadline sought to be extended, except in cases in which compelling circumstances warranting an extension arise during the three days before the deadline.  Any motion for extension of time filed fewer than three days before the deadline sought to be extended shall, in addition to satisfying all other requirements of this Rule, set forth reasons why the motion was not filed at least three days before the deadline in question.

**(c) Motions for Reconsideration**

1.  Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions.  Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.  In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

2.  No response to a motion for reconsideration need be filed unless requested by the Court.

3.  In all other respects, motions for reconsideration shall proceed in accordance with Rule 7(a) of these Local Rules.

### (d) Reply Memoranda

Reply memoranda are not required and the absence of a reply memorandum will not prejudice the moving party.  Any reply memorandum must be filed within fourteen (14) days of the filing of the responsive memorandum to which reply is being made, as computed under Fed.R.Civ.P. 6.  A reply memorandum may not exceed 10 pages.  A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies.  No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause.

### (e) Withdrawals of Appearances

Withdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw.  In cases where the party has failed to engage other counsel or file a personal appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

### (f)  Motions to Amend Pleadings

Any motion to amend a party's pleading under Fed.R.Civ.P. 15(a) that requires leave of court shall (1) include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s), and (2) in cases in which the movant is represented by counsel, be accompanied by both a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading.

13

## USCS Fed Rules Civ Proc R 12, Part 1 of 4

Current through changes received January 17, 2017.

**USCS Court Rules** > **Federal Rules of Civil Procedure** > **Title III. Pleadings and Motions**

# Rule 12. Defenses and Objections: when and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

**(a) Time to Serve a Responsive Pleading.**

    **(1)** *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

        **(A)** A defendant must serve an answer:

            **(i)** within 21 days after being served with the summons and complaint; or

            **(ii)** if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

        **(B)** A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

        **(C)** A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

    **(2)** *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

    **(3)** *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

    **(4)** *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

        **(A)** if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

        **(B)** if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

**(b) How to Present Defenses.**    Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

    **(1)** lack of subject-matter jurisdiction;

    **(2)** lack of personal jurisdiction;

    **(3)** improper venue;

Kristianna Sciarra

USCS Fed Rules Civ Proc R 12, Part 1 of 4

**(4)** insufficient process;

**(5)** insufficient service of process;

**(6)** failure to state a claim upon which relief can be granted; and

**(7)** failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**(c) Motion for Judgment on the Pleadings.**After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

**(d) Result of Presenting Matters Outside the Pleadings.**If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion for a More Definite Statement.**A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**(f) Motion to Strike.**      The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

**(1)** on its own; or

**(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**(g) Joining Motions.**

**(1)** *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.

**(2)** *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h) Waiving and Preserving Certain Defenses.**

**(1)** *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

    **(A)** omitting it from a motion in the circumstances described in Rule 12(g)(2); or

    **(B)** failing to either:

        **(i)** make it by motion under this rule; or

        **(ii)** include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

**(2)** *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

    **(A)** in any pleading allowed or ordered under Rule 7(a);

    **(B)** by a motion under Rule 12(c); or

    **(C)** at trial.

Kristianna Sciarra

**(3)** *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**(i) Hearing Before Trial.**    If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

# History

(Amended March 19, 1948; July 1, 1963; July 1, 1966; Aug. 1, 1987; Dec. 1, 1993; Dec. 1, 2000; As amended Dec. 1, 2007; Dec. 1, 2009.)

Annotations

# Notes

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

**Other provisions:**

**Notes of Advisory Committee.** *Note to Subdivision (a).* 1. Compare former Equity Rules 12 (Issue of Subpoena—Time for Answer) and 31 (Reply—When Required—When Cause at Issue); 4 Mont. Rev. Codes Ann. (1935) §§ 9107, 9158; N.Y.C.P.A. (1937) § 263; N.Y.R.C.P. (1937) Rules 109–111.

2. U.S.C., Title 28, former § 763 (now § 507) (Petition in action against United States; service; appearance by district attorney) provides that the United States as a defendant shall have 60 days within which to answer or otherwise defend. This and other statutes which provide 60 days for the United States or an officer or agency thereof to answer or otherwise defend are continued by this rule. Insofar as any statutes not excepted in Rule 81 provide a different time for a defendant to defend, such statutes are modified. See U.S.C., Title 28, former § 45 (District courts; practice and procedure in certain cases under the interstate commerce laws) (30 days).

3. Compare the last sentence of former Equity Rule 29 (Defenses—How Presented) and N.Y.C.P.A. (1937) § 283. See Rule 15(a) for time within which to plead to an amended pleading.

*Note to Subdivisions (b) and (d).* 1. See generally former Equity Rules 29 (Defenses—How Presented), 33 (Testing Sufficiency of Defense), 43 (Defect of Parties—Resisting Objection), and 44 (Defect of Parties—Tardy Objection); N.Y.C.P.A. (1937) §§ 277–280; N.Y.R.C.P. (1937) Rules 106–112; English Rules Under the Judicature Act (The Annual Practice, 1937) O. 25, rr 1–4; Clark, Code Pleading (1928) pp 371–381.

2. For provisions authorizing defenses to be made in the answer or reply see English Rules Under the Judicature Act (The Annual Practice, 1937) O. 25, rr 1–4; 1 Miss. Code Ann. (1930) §§ 378, 379. Compare former Equity Rule 29 (Defenses—How Presented); U.S.C., Title 28, former § 45 (District Courts; practice and procedure in certain cases under the interstate commerce laws). U.S.C., Title 28, former § 45, substantially continued by this rule, provides: "No replication need be filed to the answer, and objections to the sufficiency of the petition or answer as not setting forth a cause of action or defense must be taken at the final hearing or by motion to dismiss the petition based on said grounds, which motion may be made at any time before answer is filed." Compare Calif. Code Civ. Proc. (Deering, 1937) § 433; 4 Nev. Comp. Laws (Hillyer, 1929) § 8600. For provisions that the defendant may demur and answer at the same time, see Calif. Code Civ. Proc. (Deering, 1937) § 431; 4 Nev. Comp. Laws (Hillyer, 1929) § 8598.

3. Former Equity Rule 29 (Defenses—How Presented) abolished demurrers and provided that defenses in point of law arising on the face of the bill should be made by motion to dismiss or in the answer, with further provision that every such point of law going to the whole or material part of the cause or causes stated might be called up and disposed of before final hearing "at the discretion of the court." Likewise many state practices have abolished the

demurrer, or retain it only to attack substantial and not formal defects. See 6 Tenn. Code Ann. (Williams, 1934) § 8784; Ala. Code Ann. (Michie, 1928) § 9479; 2 Mass. Gen. Laws (Ter. Ed., 1932) ch 231, §§ 15–18; Kansas Gen. Stat. Ann. (1935) §§ 60-705, 60-706.

*Note to Subdivision (c).* Compare former Equity Rule 33 (Testing Sufficiency of Defense); N.Y.R.C.P. (1937) Rules 111 and 112.

*Note to Subdivisions (e) and (f).* Compare former Equity Rules 20 (Further and Particular Statement in Pleading May Be Required) and 21 (Scandal and Impertinence); English Rules Under the Judicature Act (The Annual Practice, 1937) O. 19, rr 7, 7a, 7b, 8; 4 Mont. Rev. Codes Ann. (1935) §§ 9166, 9167; N.Y.C.P.A. (1937) § 247; N.Y.R.C.P. (1937) Rules 103, 115, 116, 117; Wyo. Rev. Stat. Ann. (Courtright, 1931) §§ 89-1033, 89-1034.

*Note to Subdivision (g).* Compare Rules of the District Court of the United States for the District of Columbia (1937), Equity Rule 11; N.M. Rules of Pleading Practice and Procedure, 38 N.M. Rep. vii [105–408] (1934); Wash. Gen. Rules of the Superior Courts, 1 Wash. Rev. Stat. Ann. (Remington, 1932) p 160, Rule VI (e) and (f).

*Note to Subdivision (h).* Compare Calif. Code Civ. Proc. (Deering, 1937) § 434; 2 Minn. Stat. (Mason, 1927) § 9252; N.Y.C.P.A. (1937) §§ 278 and 279; Wash. Gen. Rules of the Superior Courts, 1 Wash. Rev. Stat. Ann. (Remington, 1932) p. 160, Rule VI (e). This rule continues USC, Title 28, former § 80 (Dismissal or remand) (of action over which district court lacks jurisdiction), while U.S.C., Title 28, former § 399 (Amendments to show diverse citizenship) is continued by Rule 15.

**Notes of Advisory Committee on 1946 amendments.** *Note to Subdivision (a).* Various minor alterations in language have been made to improve the statement of the rule. All references to bills of particulars have been stricken in accordance with changes made in subdivision (e).

*Note to Subdivision (b).* The addition of defense (7), "failure to join an indispensable party," cures an omission in the rules, which are silent as to the mode of raising such failure. See Commentary, Manner of Raising Objection of Non-Joinder of Indispensable Party, 1940, 2 Fed. Rules Serv. 658 and, 1942, 5 Fed. Rules Serv. 820. In one case, *United States v. Metropolitan Life Ins. Co., 36 F. Supp. 399 (E.D. Pa. 1941)*, the failure to join an indispensable party was raised under Rule 12(c).

Rule 12(b)(6), permitting a motion to dismiss for failure of the complaint to state a claim on which relief can be granted, is substantially the same as the old demurrer for failure of a pleading to state a cause of action. Some courts have held that as the rule by its terms refers to statements in the complaint, extraneous matter on affidavits, depositions or otherwise, may not be introduced in support of the motion, or to resist it. On the other hand, in many cases the district courts have permitted the introduction of such material. When these cases have reached circuit courts of appeals in situations where the extraneous material so received shows that there is no genuine issue as to any material question of fact and that on the undisputed facts as disclosed by the affidavits or depositions, one party or the other is entitled to judgment as a matter of law, the circuit courts, properly enough, have been reluctant to dispose of the case merely on the face of the pleading, and in the interest of prompt disposition of the action have made a final disposition of it. In dealing with such situations the Second Circuit has made the sound suggestion that whatever its label or original basis, the motion may be treated as a motion for summary judgment and disposed of as such. *Samara v. United States, 129 F.2d 594* (2d Cir. 1942), cert. denied, *317 U.S. 686, [87 L. Ed. 549] 63 S. Ct. 258 (1942)*; *Boro Hall Corp. v. General Motors Corp., 124 F.2d 822* (2d Cir. 1942), cert. denied, *317 U.S. 695, [87 L. Ed. 556] 63 S. Ct. 436 (1943)*. See also *Kithcart v. Metropolitan Life Ins. Co., 150 F.2d 997* (8th Cir. 1945), affg *62 F. Supp. 93*.

It has also been suggested that this practice could be justified on the ground that the federal rules permit "speaking" motions. The Committee entertains the view that on motion under Rule 12(b)(6) to dismiss for failure of the complaint to state a good claim, the trial court should have authority to permit the introduction of extraneous matter, such as may be offered on a motion for summary judgment, and if it does not exclude such matter the motion should then be treated as a motion for summary judgment and disposed of in the manner and on the conditions stated in Rule 56 relating to summary judgments, and, of course, in such a situation, when the case reaches the

Kristianna Sciarra

circuit court of appeals, that court should treat the motion in the same way. The Committee believes that such practice, however, should be tied to the summary judgment rule. The term "speaking motion" is not mentioned in the rules, and if there is such a thing its limitations are undefined. Where extraneous matter is received, by tying further proceedings to the summary judgment rule the courts have a definite basis in the rules for disposing of the motion.

The Committee emphasizes particularly the fact that the summary judgment rule does not permit a case to be disposed of by judgment on the merits on affidavits, which disclose a conflict on a material issue of fact, and unless this practice is tied to the summary judgment rule, the extent to which a court, on the introduction of such extraneous matter, may resolve questions of fact, on conflicting proof would be left uncertain.

The decisions dealing with this general situation may be generally grouped as follows: (1) cases dealing with the use of affidavits and other extraneous material on motions; (2) cases reversing judgments to prevent final determination on mere pleading allegations alone.

Under group (1) are: _Boro Hall Corp. v. General Motors Corp. 124 F.2d 822 (2d Cir 1942)_, cert. denied, _317 U.S. 695, [87 L. Ed. 556] 63 S. Ct. 436 (1943)_; _Gallup v. Caldwell, 120 F.2d 90_ (3d Cir. 1941); _Central Mexico Light & Power Co. v. Munch, 116 F.2d 85_ (2d Cir. 1940); _National Labor Relations Board v. Montgomery Ward & Co., 79 U.S. App. D.C. 200, 144 F.2d 528_ (D.C. Cir. 1944), cert. denied [_323 U.S. 774, 89 L. Ed. 619,] 65 S. Ct. 134 (1944)_; _Urquhart v. American-La France Foamite Corp., 79 U.S. App. D.C. 219, 144 F.2d 542_ (D.C. Cir. 1944); _Samara v. United States, 129 F.2d 594_ (2d Cir. 1942), cert. denied, _317 U.S. 686, [87 L. Ed. 549] 63 S. Ct. 258 (1942)_; _Cohen v. American Window Glass Co., 126 F.2d 111_ (2d Cir. 1942); _Sperry Products Inc. v. Association of American Railroads, 132 F.2d 408_ (2d Cir. 1942); _Joint Council Dining Car Employees Local 370 v. Delaware, Lackawanna and Western R. Co., 157 F.2d 417_ (2d Cir. 1946); _Weeks v. Bareco Oil Co., 125 F.2d 84_ (7th Cir. 1941); _Carroll v. Morrison Hotel Corp., 149 F2d 404_ (7th Cir. 1945); _Victory v. Manning, 128 F.2d 415_ (3d Cir. 1942); Locals No. 1470, No. 1469, and No. 1512 of _International Longshoremen's Association v. Southern Pacific Co., 131 F.2d 605_ (5th Cir. 1942); _Lucking v. Delano, 129 F.2d 283_ (6th Cir. 1942); _San Francisco Lodge No. 68 of International Association of Machinists v. Forrestal, 58 F. Supp. 466 (N.D. Cal. 1944)_; _Benson v. Export Equipment Corp., 164 P.2d 380 (N. Mex. 1945)_, construing New Mexico rule identical with Rule 12(b)(6); _F. E. Myers & Bros. Co. v. Gould Pumps, Inc._, 9 Fed. Rules Serv. 12b, 33 Case 2, _5 F.R.D. 132 (W.D.N.Y. 1946)_. Cf. _Kohler v. Jacobs, 138 F.2d 440_ (5th Cir. 1943); _Cohen v. United States, 129 F.2d 733_ (8th Cir. 1942).

Under group (2) are: _Sparks v. England, 113 F.2d 579_ (8th Cir. 1940); _Continental Collieries, Inc. v. Shober, 130 F.2d 631_ (3d Cir. 1942); _Downey v. Palmer, 114 F.2d 116_ (2d Cir. 1940); _DeLoach v. Crowley's Inc., 128 F.2d 378_ (5th Cir. 1942); _Leimer v. State Mutual Life Assurance Co. of Worcester, Mass., 108 F.2d 302_ (8th Cir. 1940); _Rossiter v. Vogel, 134 F.2d 908_ (2d Cir. 1943), compare s. c., _148 F.2d 292_ (2d Cir. 1945); _Karl Kiefer Machine Co. v. United States Bottlers Machinery Co., 113 F.2d 356_ (7th Cir. 1940); _Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 123 F.2d 518_ (7th Cir. 1941); _Louisiana Farmers' Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America, Inc., 131 F.2d 419_ (8th Cir. 1942); _Publicity Bldg. Realty Corp. v. Hannegan, 139 F.2d 583_ (8th Cir. 1943); _Dioguardi v. Durning, 139 F.2d 774_ (2d Cir. 1944); _Package Closure Corp. v. Sealright Co., Inc., 141 F.2d 972_ (2d Cir. 1944); _Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865_ (4th Cir. 1941); _Bell v. Preferred Life Assurance Society of Montgomery, Ala, 320 U.S. 238, [88 L. Ed. 15] 64 S. Ct. 5 (1943)_.

The addition at the end of subdivision (b) makes it clear that on a motion under Rule 12(b)(6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. It will also be observed that if a motion under Rule 12(b)(6) is thus converted into a summary judgment motion, the amendment insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment. In this manner and to this extent the amendment regularizes the practice above described. As the courts are already dealing with cases in this way, the effect of this amendment is really only to define the practice carefully and apply the requirements of the summary judgment rule in the disposition of the motion.

Kristianna Sciarra

USCS Fed Rules Civ Proc R 12, Part 1 of 4

*Note to Subdivision (c)*. The sentence appended to subdivision (c) performs the same function and is grounded on the same reasons as the corresponding sentence added in subdivision (b).

*Note to Subdivision (d)*. The change here was made necessary because of the addition of defense (7) in subdivision (b).

*Note to Subdivision (e)*. References in this subdivision to a bill of particulars have been deleted, and the motion provided for is confined to one for a more definite statement, to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question. With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose. *Slusher v. Jones,* 7 Fed. Rules Serv. 12e.*231, Case 5, 3 F.R.D. 168 (E.D. Ky. 1943)* ; *Best Foods, Inc. v. General Mills, Inc.,* 7 Fed. Rules Serv. 12e.*231, Case 7, 3 F.R.D. 275 (D. Del. 1943)*; *Braden v. Callaway,* 8 Fed. Rules Serv. 12e.231, Case 1 (E.D. Tenn. 1943) (" . . . most courts . . . conclude that the definiteness required is only such as will be sufficient for the party to prepare responsive pleadings"). Accordingly, the reference to the 20-day time limit has also been eliminated, since the purpose of this present provision is to state a time period where the motion for a bill is made for the purpose of preparing for trial.

Rule 12 (e) as originally drawn has been the subject of more judicial rulings than any other part of the rules, and has been much criticized by commentators, judges and members of the bar. See general discussion and cases cited in 1 Moore's Federal Practice, 1938, Cum. Supplement, § 12.07, under "Page 657"; also, Holtzoff, New Federal Procedure and the Courts, 1940, 35–41. And compare vote of Second Circuit Conference of Circuit and District Judges, June 1940, recommending the abolition of the bill of particulars; *Sun Valley Mfg. Co. v. Mylish,* 8 Fed. Rules Serv. 12e.231, Case 6 (E.D. Pa. 1944) ("Our experience . . . has demonstrated not only that 'the office of the bill of particulars is fast becoming obsolete' . . . but that in view of the adequate discovery procedure available under the Rules, motions for bills of particulars should be abolished altogether."); *Walling v. American Steamship Co., 4 F.R.D. 355,* 8 Fed. Rules Serv. 12e.244, Case 8 (W.D.N.Y. 1945) (" . . . the adoption of the rule was ill advised. It has led to confusion, duplication and delay."). The tendency of some courts freely to grant extended bills of particulars has served to neutralize any helpful benefits derived from Rule 8, and has overlooked the intended use of the rules on depositions and discovery. The words "or to prepare for trial"—eliminated by the proposed amendment—have sometimes been seized upon as grounds for compulsory statement in the opposing pleading of all the details which the movant would have to meet at the trial. On the other hand, many courts have in effect read these words out of the rule. See *Walling v. Alabama Pipe Co., 3 F.R.D. 159,* 6 Fed. Rules Serv. 12e.244, Case 7 (W.D. Mo. 1942); *Fleming v. Mason & Dixon Lines, Inc., 42 F. Supp. 230 (E.D. Tenn. 1941);* *Kellogg Co. v. National Biscuit Co., 38 F. Supp. 643 (D.N.J. 1941);* *Brown v. H. L. Green Co.,* 7 Fed. Rules Serv. 12e.231, Case 6 (S.D.N.Y. 1943); *Pedersen v. Standard Accident Ins. Co.,* 8 Fed. Rules Serv. 12e.231, Case 8 (W.D. Mo. 1945); *Bowles v. Ohse, 4 F.R.D. 403,* 9 Fed. Rules Serv. 12e.231, Case 1 (D. Neb. 1945); *Klages v. Cohen,* 9 Fed. Rules Serv. 8a.25, Case 4 (E.D.N.Y. 1945); *Bowles v. Lawrence,* 8 Fed. Rules Serv. 12e.231, Case 19 (D. Mass. 1945); *McKinney Tool & Mfg. Co. v. Hoyt,* 9 Fed. Rules Serv. 12e.235, Case 1 (N.D. Ohio 1945); *Bowles v. Jack, 5 F.R.D. 1,* 9 Fed. Rules Serv. 12e.244, Case 9 (D. Minn. 1945). And it has been urged from the bench that the phrase be stricken. *Poole v. White,* 5 Fed. Rules Serv. 12e.*231, Case 4, 2 F.R.D. 40 (N.D. W. Va. 1941)*. See also *Bowles v. Gabel,* 9 Fed. Rules Serv. 12e.244, Case 10 (W.D. Mo. 1946) ("The courts have never favored that portion of the rules which undertook to justify a motion of this kind for the purpose of aiding counsel in preparing his case for trial.").

*Note to Subdivision (f)*. This amendment affords a specific method of raising the insufficiency of a defense, a matter which has troubled some courts, although attack has been permitted in one way or another. See *Dysart v. Remington-Rand, Inc., 31 F. Supp. 296 (D. Conn. 1939);* *Eastman Kodak Co. v. McAuley,* 4 Fed. Rules Serv. 12f.*21, Case 8, 2 F.R.D. 21 (S.D.N.Y. 1941);* *Schenley Distillers Corp. v. Renken, 34 F. Supp. 678 (E.D.S.C. 1940);* *Yale Transport Corp. v. Yellow Truck & Coach Mfg. Co., 3 F.R.D. 440 (S.D.N.Y. 1944);* *United States v. Turner Milk Co.,* 4 Fed. Rules Serv. 12b.*51, Case 3, 1 F.R.D. 643 (N.D. Ill. 1941);* *Teiger v. Stephan Oderwald, Inc., 31 F. Supp. 626 (S.D.N.Y. 1940);* *Teplitsky v. Pennsylvania R. Co., 38 F. Supp. 535 (N.D. Ill. 1941);* *Gallagher v. Carroll, 27 F. Supp. 568 (E.D.N.Y. 1939);* *United States v. Palmer, 28 F. Supp. 936 (S.D.N.Y. 1939).* And see *Indemnity Ins. Co. of North America v. Pan American Airways, Inc., 58 F. Supp. 338 (S.D.N.Y. 1944);* Commentary, Modes of Attacking Insufficient Defenses in the Answer, 1 Fed. Rules Serv. 669, 1940, 2 Fed. Rules Serv. 640 (1939).

Kristianna Sciarra

USCS Fed Rules Civ Proc R 12, Part 1 of 4

*Note to Subdivision (g).* The change in title conforms with the companion provision in subdivision (h).

The alteration of the "except" clause requires that other than provided in subdivision (h) a party who resorts to a motion to raise defenses specified in the rule, must include in one motion all that are then available to him. Under the original rule defenses which could be raised by motion were divided into two groups which could be the subjects of two successive motions.

*Note to Subdivision (h).* The addition of the phrase relating to indispensable parties is one of necessity.

**Notes of Advisory Committee on 1963 amendments.** This amendment conforms to the amendment of Rule 4(e). See also the Advisory Committee's Note to amended Rule 4(b).

**Notes of Advisory Committee on 1966 amendments.** *Note to Subdivision (b)(7).* The terminology of this subdivision is changed to accord with the amendment of Rule 19. See the Advisory Committee's Note to Rule 19, as amended, especially the third paragraph therein before the caption "Subdivision (c)."

*Note to Subdivision (g).* Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. Amended subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case. For exceptions to the requirement of consolidation, see the last clause of subdivision (g), referring to new subdivision (h)(2).

*Note to Subdivision (h).* The question has arisen whether an omitted defense which cannot be made the basis of a second motion may nevertheless be pleaded in the answer. Subdivision (h) called for waiver of " . . . defenses and objections which he [defendant] does not present . . . by motion . . . or, if he has made no motion, in his answer . . . ." If the clause "if he has made no motion," was read literally, it seemed that the omitted defense was waived and could not be pleaded in the answer. On the other hand, the clause might be read as adding nothing of substance to the preceding words; in that event it appeared that a defense was not waived by reason of being omitted from the motion and might be set up in the answer. The decisions were divided. Favoring waiver, see *Keefe v. Derounian, 6 F.R.D. 11 (N.D. Ill. 1946)*; *Elbinger v. Precision Metal Workers Corp., 18 F.R.D. 467 (E.D. Wis. 1956)*; see also *Rensing v. Turner Aviation Corp., 166 F. Supp. 790 (N.D. Ill. 1958)*; *P. Beiersdorf & Co. v. Duke Laboratories, Inc., 10 F.R.D. 282 (S.D.N.Y. 1950)*; *Neset v. Christensen, 92 F. Supp. 78 (E.D.N.Y. 1950)*. Opposing waiver, see *Phillips v. Baker, 121 F.2d 752* (9th Cir. 1941); *Crum v. Graham, 32 F.R.D. 173 (D. Mont. 1963)* (regretfully following the Phillips case); see also *Birnbaum v. Birrell, 9 F.R.D. 72 (S.D.N.Y. 1948)*; *Johnson v. Joseph Schlitz Brewing Co., 33 F. Supp. 176 (E.D. Tenn. 1940)*; cf. *Carter v. American Bus Lines, Inc., 22 F.R.D. 323 (D. Neb. 1958)*.

Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process (see Rule 12(b)(2)–(5)). A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions.

By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading.

Since the language of the subdivisions is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver. It is to be noted that while the defenses specified in

Kristianna Sciarra

USCS Fed Rules Civ Proc R 12, Part 1 of 4

subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted, failure to join a party indispensable under Rule 19, and failure to state a legal defense to a claim (see Rule 12(b)(6), (7), (f)), as well as the defense of lack of jurisdiction over the subject matter (see Rule 12(b)(1)), are expressly preserved against waiver by amended subdivisions (h)(2) and (3).

**Notes of Advisory Committee on 1987 amendments.** The amendments are technical. No substantive change is intended.

**Notes of Advisory Committee on 1993 amendments.** *Note to Subdivision (a).* Subdivision (a) is divided into paragraphs for greater clarity, and paragraph (1)(B) is added to reflect amendments to Rule 4. Consistent with Rule 4(d)(3), a defendant that timely waives service is allowed 60 days from the date the request was mailed in which to respond to the complaint, with an additional 30 days afforded if the request was sent out of the country. Service is timely waived if the waiver is returned within the time specified in the request (30 days after the request was mailed, or 60 days if mailed out of the country) and before being formally served with process. Sometimes a plaintiff may attempt to serve a defendant with process while also sending the defendant a request for waiver of service; if the defendant executes the waiver of service within the time specified and before being served with process, it should have the longer time to respond afforded by waiving service.

The date of sending the request is to be inserted by the plaintiff on the face of the request for waiver and on the waiver itself. This date is used to measure the return day for the waiver form, so that the plaintiff can know on a day certain whether formal service of process will be necessary; it is also a useful date to measure the time for answer when service is waived. The defendant who returns the waiver is given additional time for answer in order to assure that it loses nothing by waiving service of process.

**Notes of Advisory Committee on 2000 amendments.** Rule 12(a)(3)(B) is added to complement the addition of Rule 4(i)(2)(B). The purposes that underlie the requirement that service be made on the United States in an action that asserts individual liability of a United States officer or employee for acts occurring in connection with the performance of duties on behalf of the United States also require that the time to answer be extended to 60 days. Time is needed for the United States to determine whether to provide representation to the defendant officer or employee. If the United States provides representation, the need for an extended answer period is the same as in actions against the United States, a United States agency, or a United States officer sued in an official capacity.

An action against a former officer or employee of the United States is covered by subparagraph (3)(B) in the same way as an action against a present officer or employee. Termination of the relationship between the individual defendant and the United States does not reduce the need for additional time to answer.

**Notes of Advisory Committee on 2007 amendments.** The language of Rule 12 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 12(a)(4) referred to an order that postpones disposition of a motion "until the trial on the merits." Rule 12(a)(4) now refers to postponing disposition "until trial." The new expression avoids the ambiguity that inheres in "trial on the merits," which may become confusing when there is a separate trial of a single issue or another event different from a single all-encompassing trial.

**Notes of Advisory Committee on 2009 amendments.** The times set in the former rule at 10 or 20 days have been revised to 14 or 21 days. See the Note to Rule 6.

# INTERPRETIVE NOTES AND DECISIONS

## I.IN GENERAL

### 1.Generally

Kristianna Sciarra